NO. 07-00-0025-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 25, 2001

______________________________

MICHAEL XAVIER SMITH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 282
ND
 DISTRICT COURT OF DALLAS COUNTY;

NO. F-9970058-MS; HONORABLE KAREN J. GREENE, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

A
ppellant Michael Xavier Smith appeals from a conviction and sentence in the 282nd District Court of Dallas County, Texas (the trial court), for capital murder.  A jury found appellant guilty and he was sentenced to life imprisonment.  Notice of appeal was filed, appellant’s brief was filed, appellee’s brief was filed and the appeal has been submitted.

Appellant’s counsel has now filed a motion seeking (1) to withdraw as appellate counsel, (2) to allow withdrawal of appellant’s brief, (3) remand to the trial court for hearing to determine whether another attorney should be appointed for appellant, and (4) to allow appellant or another attorney file another brief on appellant’s behalf and to allow re-submission of the appeal.
  In the motion, appellant’s counsel alleges that appellant and counsel have reached such a conflict in case strategy that counsel should be allowed to withdraw. 

Although appellant does not have a right to particular counsel of his choice, 
we deem certain allegations in appellate counsel’s motion
 to warrant consideration before his appeal proceeds.  Accordingly, pursuant to 
Tex. R
. App. P. 
2 , this appeal is abated and the cause is remanded to the trial court.  Upon remand, the judge of the trial court is directed to cause notice to be given of and to conduct a hearing to determine whether such a conflict has developed between appellant and appellate counsel that current counsel should be allowed to withdraw from representing appellant, or should be discharged from such representation.  If the trial court determines that current counsel should be allowed to withdraw from representation of appellant, and that appellant is entitled to appointed counsel, then the trial court should enter appropriate orders and make recommendations as necessary to allow current counsel to withdraw, to appoint other counsel to represent appellant on appeal, and to assure continued prosecution of appellant’s appeal
 based on the evidence presented at the hearing, and
 on its findings and conclusions therefrom.  

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law and recommendations, and cause them to be included in a supplemental clerk’s record; (3) enter any orders appropriate to the findings and conclusions made; (4) notify the appellate clerk of the name, state bar number and address of appointed counsel, if counsel other than current counsel is appointed to represent appellant, on appeal;  (5) cause the hearing proceedings to be transcribed and included in a reporter’s record; and (6) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk’s record or the reporter’s record.  In the absence of a request for extension of time from the trial court, the supplemental clerk’s record, reporter’s record, and any additional proceeding records, including any orders, findings, conclusions and recommendations, are to be sent so as to be received by the clerk of this court not later than June 29, 2001. 

Per Curiam

Do not publish.